UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LINDSEY SAMUELS, on behalf of herself and all other persons similarly situated, known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>GATOR APPLE, LLC,<br><br>Defendant. | CIVIL ACTION FILE NO.<br><br><br>FLSA COLLECTIVE ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Lindsey Samuels, on behalf of herself and all other persons similarly situated, known and unknown, through her attorneys and for her complaint against Defendant Gator Apple, LLC ("Gator Apple"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act (FLSA, or the "Act"), 29 U.S.C. §201, *et seq.,* for Defendant's failure to pay Plaintiff and other similarly-situated employees earned minimum wages and overtime pay. Gator Apple operates restaurants throughout the Southeast Region of the United States, including in Georgia and Florida.

2. Plaintiff and other similarly-situated current and former employees worked for Defendant as servers, bartenders, hosts, and other tipped employees. Defendant paid its tipped employees sub-minimum hourly wages under the tip-credit provisions of the FLSA. Those provisions permit employers of tipped employees to pay wage rates less than the minimum wage, so long as employers comply with other requirements of the tip-credit provisions. Gator Apple failed to comply with those requirements, and thus violated the federal minimum wage law. Chiefly, Gator Apple has a policy of regularly assigning tipped employees, paid sub-minimum wages, to perform an array of duties outside the duties of their tipped positions. Among the practices that Defendant utilizes to deny Plaintiff and other tipped employees their earned wages are the following: (a) requiring servers and other tipped employees to perform duties outside their tipped positions, including dishwashing, food preparation and other "back of the house" duties for which they are not paid the full applicable minimum wage; (b) requiring servers to 'tip-out' 3.0 percent of their total sales per shift to a tip pool, the proceeds of which are ostensibly to be shared with other tipped employees; (3) including non-tipped employees in Defendant's tip pool, and (4) failing to inform tipped employees of the provisions of the tip credit subsection of the Act.

3. In addition, Defendant failed to pay Plaintiff and other similarly situated employees all their earned overtime pay. Plaintiff, for example, worked in excess of forty hours in individual work weeks, but was not paid for all such overtime hours.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over Plaintiff's federal claim 28 U.S.C. §1331.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and (c), as Defendant's principal place of business is located in this district.

## THE PARTIES

6. Plaintiff Lindsey Samuels resides in and is domiciled in Sarasota, Florida. From approximately January, 2008 until September 23, 2009, Plaintiff was employed by Defendant as a server at one of its restaurant locations in Sarasota, Florida.

7. Defendant Gator Apple, LLC is a Florida limited liability company with its principal place of business at 2150 Boggs Rd., 140, Duluth, Georgia. Defendant owns and operates dozens of Applebee's restaurants within Georgia and Florida.

8.  Plaintiff was Defendant's "employee" as defined by the FLSA.  29 U.S.C. §203(d).

9.  Defendant was Plaintiff's "employer" as defined by the FLSA.  29 U.S.C. §203(d).

10.  During her employment by Defendant, Plaintiff was not exempt from the minimum wage provisions of the FLSA.

11.  Gator Apple is an "enterprise" as defined by the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act.  29 U.S.C. §203(s)(1).

12.  Defendant's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.  During the course of her employment by Defendant, Plaintiff handled goods, including perishable produce and food products, that moved in interstate commerce.

## COUNT I
## Violation of the Fair Labor Standards Act – Minimum Wages
## Collective Action Under 29 U.S.C. §216(b)

Plaintiff hereby realleges and incorporates paragraphs 1 through 12 of this Complaint, as if fully set forth herein.

13. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. §206, for the failure to pay Plaintiff and other similar-situated tipped employees minimum wages.

14. Plaintiff and similarly situated persons are current and former tipped employees of Defendant who are due, and who have not been paid, minimum wages as required by the Act.

15. Plaintiff brings this Count as a collective action. 29 U.S.C. §216(b). A copy of Plaintiff's consent form to act as a representative plaintiff is attached hereto as Exhibit A.

16. Plaintiff and other similarly-situated employees worked as servers, bartenders, hosts, and in other tipped positions.

17. Defendant paid such employees a 'tip credit' rate, that is, a regular hourly rate less than the full federal minimum wage.

18. An employer may take a tip credit on the wages of a tipped employee if the employee receives customer tips in an amount that, together with the sub-minimum wage, equal the minimum hourly wage. 29 U.S.C. §203(m). The tip credit provision does not apply to a tipped employee unless: (1) the employer has informed the employee of the provisions of the tip credit subsection; and (2) the

employee retains all tips received by the employee, except that the pooling of tips among tipped employees is permitted. 29 U.S.C. §203(m).

19. Although Defendant took the tip credit by paying Plaintiff and other tipped employees less than the minimum hourly wage, Defendant did not inform Plaintiff and its other tipped employees of the provisions of the tip credit subsection.

20. Defendant also has a practice of regularly utilizing tipped employees to perform 'back of the house' duties and other work not within the scope of the employees tipped occupations.

21. Thus, Defendant regularly requires servers, bartenders, hosts and other tipped employees to perform such duties as dishwashing, food preparation, kitchen and bathroom cleaning, and trash removal, but continued to pay them tip-credit wages while the employees were engaged in those non-tipped duties.

22. Defendant requires servers to 'tip out', or contribute, 3.0 percent of their sales each shift into a tip pool.

23. The requirement that servers tip out 3.0 percent of *sales*, and not tips received, means that servers are regularly required to contribute more than 15 percent of the tips they receive.

24.     Tip pool contributions in excess of 15 percent exceed what is customary and reasonable.

25.     Defendant also permits non-tipped employees to participate in the tip pool. For example, at more than one restaurant operated by Defendants, persons employed as "expeditors" are sharing in the tip pool proceeds.

26.     Defendant's practices violate the minimum wage provisions of the FLSA by failing to compensate Plaintiff and members of the class consistent with the minimum wage provisions.

27.     Plaintiff and other tipped employees of Defendant are entitled to recover unpaid minimum wages for three years prior to the filing of this suit, because Defendant's violation of the FLSA is willful.

**COUNT II**
**Violation of the Fair Labor Standards Act - Overtime Wages**
**Collective Action Under 29 U.S.C. §216(b)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 27 of this Complaint, as if fully set forth herein.

28.     This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, in failing to pay overtime wages to Plaintiff and

similarly-situated employees for all time worked in excess of forty (40) hours in individual work weeks.

29. Plaintiff was directed by Defendant to work, and worked, in excess of forty (40) hours per week.

30. Pursuant to 29 U.S.C. § 207, Plaintiff was entitled to be compensated at a rate of one and one-half times her regular rate for all time worked in excess of forty (40) hours in individual workweeks.

31. Pursuant to 29 U.S.C. § 207, other similarly-situated employees were entitled to be compensated at a rate of one and one-half times their regular rate for all time worked in excess of forty (40) hours in individual workweeks.

32. Defendant's failure and/or refusal to pay Plaintiff overtime wages at one and one-half times her regular rate for all time worked in excess of forty (40) hours in individual workweeks violated the Fair Labor Standards Act, 29 U.S.C. § 207.

33. Defendant's failure to pay other similarly-situated employees overtime wages at one and one-half times their regular rate for all time worked in excess of forty (40) hours per workweek violated the Fair Labor Standards Act, 29 U.S.C. § 207.

34. Defendant willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and other similarly-situated employees their overtime wages at one and one-half times their regular rate for all time worked in excess of forty (40) hours per week.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant as follows:

A. judgment in the amount of all back wages and one and one-half times Plaintiff's and similarly situated employees' regular rate for all time which they worked in excess of forty (40) hours per week;

B. liquidated damages in an amount equal to the amount of unpaid minimum wages and unpaid overtime compensation found due;

C. reasonable attorneys' fees and costs incurred in filing this action;

D. grant Plaintiff a trial by jury; and

E. such other and further relief as this Court deems appropriate and just.

_____
Andrew Y. Coffman
Georgia Bar No. 173115
acoffman@pcwlawfirm.com

PARKS, CHESIN & WALBERT, P.C.
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone:  (404) 873-8000
Facsimile:  (404) 873-8050

Douglas M. Werman
dwerman@flsalaw.com
*Application for Admission Pro Hac Vice Pending*

Maureen A. Bantz
mbantz@flsalaw.com
*Application for Admission Pro Hac Vice Pending*

David E. Stevens
dstevens@flsalaw.com
*Application for Admission Pro Hac Vice Pending*

WERMAN LAW OFFICE, P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
Telephone: (312) 419-1008

Jamie G. Sypulski
jsypulski@sbcglobal.net
*Application for Admission Pro Hac Vice Pending*

LAW OFFICE OF JAMIE G. SYPULSKI
122 South Michigan Avenue, Suite 1720
Chicago, Illinois 60603
Telephone: (312) 360-0960