# Exhibit A

## AGREEMENT AND GENERAL RELEASE

Gator Apple, LLC and all affiliates, parents and related companies (collectively "Gator Apple") and Lindsey Samuels, Samuels' heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Employee"), agree that:

1. **Last Day of Employment.**  Employee's last day of employment with Gator Apple was September 23, 2009.

2. **Consideration.**  In consideration for signing this Agreement and General Release, and complying with its terms, and taking all action necessary to have *Lindsey Samuels et al. v. Gator Apple LLC*, Civil Action No. 1:11-cv-203-TCB withdrawn and dismissed with prejudice, Gator Apple agrees:

a. to pay to Employee ($11,351.56) as wages, less lawful deductions, within 21 days after the date the Court grants Gator Apple and Employee's Joint Motion to Approve this Agreement.

b. to pay Employee's counsel, Law Office of Jamie G. Sypulski $25,000 for litigation expenses, costs and attorneys' fees.  This money will be paid in two installments of $12,500 at thirty (30) and sixty (60) days, respectively, after the date the Court grants the Parties' motion to approve the settlement;

c. to train all store personnel, exempt and non-exempt, regarding proper timekeeping practices, tip pool procedures, and sidework rules within one hundred and twenty days of dismissal of *Lindsey Samuels et al. v. Gator Apple LLC*, Civil Action No. 1:11-cv-203-TCB.

d. to repeat the training agreed to in section c above annually, at least one time; and

e. to train new employees regarding proper timekeeping practices, tip pool procedures, and sidework rules within ninety days of hire.

3. **No Consideration Absent Execution of this Agreement.**  Employee understands and agrees that Employee would not receive the monies and/or benefits specified in paragraph "2" above, except for Employee's execution of this Agreement and General Release and the fulfillment of the promises contained herein.

4. **General Release of All Claims**.  Employee knowingly and voluntarily releases and forever discharges Gator Apple, its parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former owners, partners, employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which

the Employee has or may have against Releasees as of the date of execution of this Agreement and General Release, including, but not limited to, any alleged violation of:

- The Fair Labor Standards Act ("FLSA");

- Title VII of the Civil Rights Act of 1964;

- Sections 1981 through 1988 of Title 42 of the United States Code;

- The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan);

- The Immigration Reform and Control Act;

- The Americans with Disabilities Act of 1990;

- The Worker Adjustment and Retraining Notification Act;

- The Fair Credit Reporting Act;

- The Family and Medical Leave Act;

- The Equal Pay Act;

- Florida Civil Rights Act, Fla. Stat. §760.01 et seq.

- Florida Whistle Blower, Fla. Stat. §448.101 et seq.

- Florida Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers Compensation Claim – Fla. Stat. §440.205

- Florida Wage Discrimination Law, Fla. Stat. §448.07

- Florida Equal Pay Law, Fla. Stat. §725.07 and Fla. Stat. Ann. §448.07

- Florida AIDS Act, Fla. Stat. §110.1125, §381.00 and §760.50;

- Florida Discrimination on the Basis of Sickle Cell Trait Law, Fla. Stat. §448.075 et seq.

- Florida OSHA, Fla. Stat. Ann. §442.018(2)

- Florida Wage Payment Laws, Fla. Stat. §§ 448.01, 448.08;

- Florida's Domestic Violence Leave Law, Fla. Stat. § 741.313;

- Florida's Preservation and Protection of the Right to Keep and Bear Arms in Motor Vehicles Act of 2008, Fla. Stat. § 790.251;

- any other federal, state or local law, rule, regulation, or ordinance

- any public policy, contract, tort, or common law; or

- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

If any claim is not subject to release, to the extent permitted by law, Employee waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Employer or any other Releasee identified in this Agreement is a party.

5. **Acknowledgments and Affirmations.**

Employee affirms that Employee has not filed, caused to be filed, or presently is a party to any claim against Gator Apple, except *Lindsey Samuels et al. v. Gator Apple LLC*, Civil Action No. 1:11-cv-203-TCB. To the extent any action needs to be taken to dismiss the charge of discrimination that Samuels filed with the EEOC, Employee agrees to promptly take all such action to ensure the charge is dismissed, including but not limited to requesting the charge be dismissed. Samuels acknowledges she is not entitled to any damages for, or related to, the allegations in the charge.

Employee shall not apply in the future for employment with Gator Apple because of, among other things, irreconcilable differences with Gator Apple. If employee does apply for future employment with Gator Apple, Employee shall not be eligible to be considered for employment.

6. **Return of Property.** Employee affirms that Employee has returned all of Gator Apple's property, documents, and/or any confidential information in Employee's possession or control. Employee also affirms that Employee is in possession of all of Employee's property that Employee had at Gator Apple's premises and that Gator Apple is not in possession of any of Employee's property.

7. **Governing Law and Interpretation.** This Agreement and General Release shall be governed and conformed in accordance with the laws of the state in which Employee worked at the time of Employee's last day of employment without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement and General Release, either party may institute an action specifically to enforce any term or terms of this Agreement and General Release and/or to seek any damages for breach. Should any provision of this Agreement and General Release be declared illegal or unenforceable by any

3

court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement and General Release in full force and effect.

8. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement and General Release nor the furnishing of the consideration for this Agreement and General Release shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

9. **Amendment**. This Agreement and General Release may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement and General Release.

10. **Entire Agreement.** This Agreement and General Release sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Employee acknowledges that Employee has not relied on any representations, promises, or agreements of any kind made to Employee in connection with Employee's decision to accept this Agreement and General Release, except for those set forth in this Agreement and General Release.

**EMPLOYEE IS ADVISED THAT EMPLOYEE HAS A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT AND GENERAL RELEASE.**

**EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and General Release as of the date(s) set forth below:

GATOR APPLE, LLC

By: _____     By: _____
     Lindsey Samuels

Date: _____     Date: _____

4834-4673-6400, v. 1

4